Citation Nr: 1331553 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 10-15 186 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for fibromyalgia. 


ATTORNEY FOR THE BOARD

Evan M. Deichert, Counsel


INTRODUCTION

The Veteran served on active duty from May 1979 to October 1981. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a February 2009 rating decision of the Huntington, West Virginia, Department of Veterans Affairs (VA) Regional Office (RO) which denied the Veteran's claim for entitlement to service connection for fibromyalgia.

On her March 2010 Substantive Appeal, the Veteran indicated that she wished to present testimony before a member of the Board. In June 2012, the Veteran wrote that she no longer desired a hearing; her request is considered withdrawn. 

In March 2013, the Board remanded the case for further development, which has been completed. Stegall v. West, 11 Vet. App. 268, 271 (1998).


FINDING OF FACT

The Veteran did not suffer from fibromyalgia during her active service or for many years thereafter, and there is no competent evidence linking her fibromyalgia to her active service or to any in-service event. 


CONCLUSION OF LAW

The criteria for service connection for fibromyalgia have not been met. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1154, 5103, 5103A, 5107(b) (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2013). 


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and to Assist

Upon receipt of a complete or substantially complete application, VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. VA must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 

An October 2008 letter satisfied the duty to notify provisions. 38 U.S.C.A. § 5103(a); Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002); 38 C.F.R. § 3.159(b)(1). This letter also notified the Veteran of regulations pertinent to the establishment of an effective date and of the disability rating. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). The claim was subsequently readjudicated, most recently in a June 2013 supplemental statement of the case. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). 

In any event, the Veteran has neither alleged nor demonstrated any prejudice with regard to the content or timing of the notices. See Shinseki v. Sanders, 556 U.S. 396 (2009); see also Mayfield v. Nicholson, 444 F.3d 1328, 1333-34 (Fed. Cir. 2006).

The Veteran's service treatment records, VA medical treatment records, and private treatment records have been obtained. 38 U.S.C.A. § 5103A, 38 C.F.R. § 3.159. The Veteran has not indicated, and the record does not contain evidence, that she is in receipt of disability benefits from the Social Security Administration. 38 C.F.R. § 3.159(c)(2). A VA examination was conducted in October 2012; in its March 2013 remand, the Board found the opinion in this examination to be inadequate. 

The Board remanded the Veteran's claim for a new examination. The Veteran did not attend her scheduled examination and has not provided good cause as to why the examination should be rescheduled. Absent good cause, the Veteran's claim must be decided based on the evidence of record. 

There is no indication in the record that any additional evidence, relevant to the issue decided, is available and not part of the claim file. See Pelegrini v. Principi, 18 Vet. App. 112 (2004). As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of the case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537 (2006); see also Dingess/Hartman, 19 Vet. App. at 486; Shinseki v. Sanders/Simmons, 556 U.S. 129 (2009).


II. Entitlement to Service Connection for Fibromyalgia

Service connection will be granted if it is shown that the Veteran suffers from a disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty, during active military service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) ; see also Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

To establish service connection, there must be a competent diagnosis of a current disability; medical or, in certain cases, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. Hickson v. West, 12 Vet. App. 247, 252 (1999); see Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 

Competent medical evidence is evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also include statements conveying sound medical principles found in medical treatises and statements contained in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). 

Competent lay evidence is any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2). This may include some medical matters, such as describing symptoms or relating a contemporaneous medical diagnosis. Jandreau, 492 F.3d at 1377. When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau, 492 F.3d at 1376-77.

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded to the claimant.

The Veteran currently suffers from fibromyalgia. She was first diagnosed as suffering from this condition in March 1993. Private treatment records reflect that she was again diagnosed as suffering from this condition in September 2005, and the examiner from her October 2012 VA examination also diagnosed her as suffering from fibromyalgia. 

There is no evidence that the Veteran suffered from fibromyalgia during her active service. Service treatment records contain no evidence of her being diagnosed with, or seeking treatment for, this condition. The Veteran acknowledged in a January 2013 letter that she was not diagnosed as suffering from this condition during her active service. 

Despite the lack of corroborating in-service evidence, service connection for fibromyalgia may still be warranted if the evidence establishes that the condition was incurred in or is otherwise related to her active service. 38 C.F.R. § 3.303(d). 

In a January 2013 letter in support of her claim, the Veteran contended that her fibromyalgia (like her service-connected degenerative arthritis of the lumbar spine) is related to two in-service falls that she suffered. She argued that, since there is no known cause for fibromyalgia, her condition must be related to the falls she suffered during her active service. 

Service treatment records document these falls. A June 1981 record in which the Veteran complained of back pain noted that she fell in October 1979 and experienced pain in her coccygeal area that resolved in two weeks. An April 1980 X-ray report reflects that the Veteran complained of pain in her low back since a fall; the X-ray was reported to be normal. 


There is, however, no competent evidence of a nexus between her current condition and her active service. 

The Veteran underwent a VA examination in October 2012. After examining the Veteran, the examiner concluded that it is less likely than not that the Veteran's fibromyalgia is related to her active service, as there is no evidence of the Veteran's suffering from this condition during her active service. 

In its March 2013 remand, the Board found this opinion to be inadequate and remanded the Veteran's claim in order that she be afforded a new examination. Such an examination was scheduled for April 2013; the Veteran did not report for this scheduled examination. 

Pursuant to VA regulation, "when a claimant fails to report for an examination scheduled in conjunction with an original compensation claim, the claim shall be rated based on the evidence of record." 38 C.F.R. § 3.655(b) (2013). The Board may order that the Veteran be rescheduled for an examination if the claimant shows "good cause" for missing the examination. 

Here, the Veteran has provided no information for why she missed her examination or why that examination should be rescheduled. As no good cause for missing the examination has been presented, the claim must be decided on the evidence of record. 

The evidence of record, beyond the Veteran's assertions, is silent as to an etiology for the Veteran's fibromyalgia. Neither the private nor the VA treatment records contain any information regarding the etiology of the Veteran's fibromyalgia. 

The only evidence in support of the Veteran's claim is her own argument that her condition must be related to her active service. The Veteran, however, is not competent to opine as to the etiology of her fibromyalgia. Unlike simple conditions (such as a broken leg), determining the etiology of fibromyalgia requires specialized medical training and is not susceptible to lay observation. Jandreau, 492 F.3d at 1377. Accordingly, the Veteran's contention that her fibromyalgia is related to her in-service falls is not competent evidence of such. 

The preponderance of the evidence is against the claim for service connection for fibromyalgia; there is no doubt to be resolved; and service connection for fibromyalgia is not warranted.


ORDER

Entitlement to service connection for fibromyalgia is denied. 



____________________________________________
RONALD W. SCHOLZ 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs