Citation Nr: 1542416 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 10-08 464A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for sleep apnea secondary to a service-connected disorder to include diabetes mellitus type II (diabetes).


REPRESENTATION

Appellant (Veteran) represented by: Veterans of Foreign Wars of the
 United States


WITNESSES AT HEARING ON APPEAL

Veteran and his spouse


ATTORNEY FOR THE BOARD

Christopher McEntee, Counsel
INTRODUCTION

The Veteran served on active duty with the United States Marine Corps from September 1965 to September 1968, to include a tour of duty in Vietnam.

This matter comes to the Board of Veterans' Appeals (Board) from a June 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania.

In August 2013, the Board remanded the appeal to afford the Veteran a videoconference hearing before the undersigned Veterans Law Judge (VLJ). Such was conducted in September 2013. A transcript of the hearing has been associated with the record. In September 2014, the Board remanded the appeal for additional medical inquiry. 

The Veteran's file has been scanned, and converted from a hybrid paper and electronic file to a purely electronic file. The Board has reviewed the records and documents maintained in Virtual VA and the Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence. No new and relevant evidence has been included in the record since the April 2015 Supplemental Statement of the Case (SSOC). 38 C.F.R. §§ 19.26, 1304 (2015). 


FINDING OF FACT

The Veteran's sleep apnea did not have its onset during service and is not shown to be otherwise related to service or a service-connected disability.


CONCLUSION OF LAW

The criteria for service connection for sleep apnea have not been met. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. §§ 3.303, 3.310 (2015). 


 
REASONS AND BASES FOR FINDING AND CONCLUSION

Notice and Assistance

VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326. A December 2008 letter satisfied the duty to notify provisions. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1); Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002). This letter also notified the Veteran of regulations pertinent to the establishment of an effective date and of the disability rating. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

The Veteran's service treatment and personnel records, VA medical treatment records, and private treatment records have been obtained. 38 U.S.C.A. § 5103A, 38 C.F.R. § 3.159. The Veteran has not indicated, and the record does not contain evidence, that he is in receipt of disability benefits from the Social Security Administration. 38 C.F.R. § 3.159(c)(2). 

The Veteran underwent two VA medical examinations into his claims to secondary service connection, in November 2010 and then in January 2015. As detailed in the September 2014 remand, the November 2010 VA report was not adequate in that it did not comment on evidence submitted into the record by the Veteran. Pursuant to the remand, the Veteran underwent the January 2015 examination. The report indicates that the Veteran was examined but that the claims file was not reviewed in accordance with the remand instructions. Further, the examiner did not provide a medical nexus opinion, as requested by the Board. Therefore, prior to returning the case to the Board, the Appeals Management Center requested a medical opinion from another physician. Although the physician did not examine the Veteran personally, the examiner did review the claims file, and did provide a thorough report and opinion which is supported by the evidence of record and is fully explained. This examination report is adequate to address the Veteran's claim. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

At the Veteran's September 2013 hearing, the undersigned discussed in detail the elements of the claim on appeal, to include identifying the specific types of evidence and information which would be of assistance in substantiating it. The Veteran was offered an opportunity to ask the undersigned questions regarding his claim. Further, the Veteran's claim was remanded in September 2014 so that additional medical inquiry could be conducted into his assertions. 38 C.F.R. § 3.103(c)(2); Bryant v. Shinseki, 23 Vet. App. 488 (2010). 

There is no indication in the record that any additional evidence, relevant to the issue decided, is available and not part of the claims file. See Pelegrini v. Principi, 18 Vet. App. 112 (2004). As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of the case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537 (2006); see also Dingess/Hartman, 19 Vet. App. at 486; Shinseki v. Sanders/Simmons, 129 S. Ct. 1696 (2009). 

Analysis

The Veteran maintains that he developed sleep apnea as the result of symptomatology associated with his service-connected diabetes. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may be granted for a disease diagnosed after service discharge when all the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d); see also Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

In order to establish service connection on a direct basis, the record must contain competent evidence of: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

A disability which is proximately due to or the result of a service-connected disease or injury shall be service connected. When service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition. 38 C.F.R. § 3.310. 

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant.

In this matter, the private and VA medical evidence of record dated between 2005 and 2015 clearly establishes that the Veteran currently has sleep apnea. However, the Board finds service connection unwarranted on either a direct or a secondary basis. 

With regard to direct service connection, a favorable finding is unwarranted because the evidence indicates onset of sleep apnea many years following service. The Veteran's service treatment records reveal no complaints of or treatment for sleep apnea. The September 1968 separation report of medical examination is negative for a sleep problem. The earliest evidence of record of a diagnosed sleep disorder is dated in 2005, over 36 years following discharge from service. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (the passage of many years between discharge from active service and the medical documentation of a claimed disability may be considered in evaluating a claim of service connection). Furthermore, the Veteran has not asserted that his sleep apnea relates in any way to active service. Rather, he asserts that his sleep apnea is caused by his service-connected diabetes. 

Certain medical evidence of record tends to support the Veteran's asserted theory of causation. In a May 2010 letter, the Veteran's treating physician, Dr. ARS, noted the Veteran's diabetes, noted his diagnosed sleep apnea, and found the sleep apnea "related to his worsening diabetic condition." The physician found "more than a degree of certainty regarding their connection." However, these statements do not provide any rationale for the conclusion reached, or define the "relationship" between the conditions. It is unclear whether such is causative or aggravating, or which way any causation flows. The opinion cannot be given any probative weight. To have probative value, a medical opinion must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

In an August 2012 letter, another physician, Dr. NEL, who indicated specialization in sleep disorders, stated that the Veteran's sleep apnea was "comorbid" and "related to" diabetes. This examiner later expanded his opinion in another, differently edited copy of the letter, by stating that sleep apnea related to diabetes "in that sleep apnea affects glucose control of people with diabetes. Having one can affect your chances of having the other." In a February 2013 letter, this physician appeared to again support the claim to medical nexus by stating that sleep apnea "least likely as not is secondary to" diabetes. The doctor submitted an abstract of a January 2010 study discussing a link between sleep apnea and diabetes. 

However, the stated opinions appear contradictory. On the one hand, apnea affects diabetes, while on the other, apnea is secondary to diabetes. The doctor does not explain his statements or provide any rationale to allow the Board to assess his statements. In light of the absence of a stated rationale and the statements which are contradictory on their face, no probative value may be assigned Dr. NEL's opinions. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

As indicated earlier, two VA medical reports and opinions have also been found inadequate. The November 2010 report and opinion discounted evidence submitted by the Veteran while the February 2015 opinion was not based on a review of the claims file, and was not supported by an opinion regarding the asserted medical nexus between diabetes and sleep apnea. See Barr, supra. 

By contrast, a VA opinion offered in April 2015 is of probative value. The author of the opinion is a physician who detailed an understanding of the Board's September 2014 remand instructions, indicated a review of the claims file, summarized the entire record, cited and considered evidence favoring the claim, to include the private opinions and medical journal article submitted into the record by the Veteran, and supported his opinion with an explanation. This examiner tended to find the Veteran's sleep apnea unrelated to diabetes. 

This examiner stated clearly that "it is less likely" that the Veteran's sleep apnea, diagnosed as severe obstructive sleep apnea, is due to or caused by the Veteran's service-connected diabetes. Further, the examiner found it "less likely" that sleep apnea was aggravated beyond the natural progression by diabetes. In support of the opinion, the examiner explained that studies submitted into the record, in addition to the August 2012 private opinion, emphasize that insulin resistance and glucose control problems may stem from sleep apnea. Based on this, sleep apnea may be a risk factor for worsening diabetes, "NOT the other way around." The examiner indicated that diabetes did not pose a risk for sleep apnea, did not cause sleep apnea, and did not aggravate sleep apnea. 

In assessing the issue of medical nexus, the Board has also considered the lay assertions of record from the Veteran. A layperson is competent to attest to what he or she observes or senses. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). As such, the Veteran is competent to attest to problems sleeping. However, his assertions regarding the issue of etiology of his sleeping problems are of limited probative value. Whether his problems are adversely affected by his diabetes is an issue beyond his competency as a layperson. This issue cannot be determined through observation or by sensation such as feeling. The issue before the Board concerns internal pathologies about which the Veteran is not qualified to provide medical evidence. He does not have the training and expertise to do so. Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007). On the essentially medical question before the Board, the medical evidence is of greater evidentiary value. And the preponderance of the medical evidence shows that the Veteran's sleep apnea was not caused by service, was not caused by diabetes, and was not aggravated by diabetes. 

(CONTINUED NEXT PAGE)
As the preponderance of the evidence is against the Veteran's claim, the benefit-of-the-doubt rule does not apply, and the claim must be denied. 38 U.S.C.A. § 5107(b); Gilbert, supra. 


ORDER

Entitlement to service connection for sleep apnea is denied. 



____________________________________________
WILLIAM H. DONNELLY
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs