# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-1077

Lizzie K. Mayfield, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Remand from the U.S. Court of Appeals for the Federal Circuit

(Decided    December 21, 2006    )

*Linda E. Blauhut* and *Michael P. Horan*, both of Washington, D.C., were on the brief for the appellant.

*Paul J. Hutter*, Acting General Counsel; *R. Randall Campbell*, Assistant General Counsel; *David L. Quinn*, Deputy Assistant General Counsel; and *Alice M. Szynklewski*, all of Washington, D.C., were on the brief for the appellee.

Before GREENE, *Chief Judge*, and KASOLD and MOORMAN, *Judges*.

KASOLD, *Judge*:   Lizzie K. Mayfield, the surviving spouse of veteran Estey Mayfield, appeals through counsel a May 23, 2002, decision of the Board of Veterans' Appeals (Board) that denied her claim for dependency and indemnity compensation (DIC) because her husband's death was not service connected. Mrs. Mayfield's arguments on appeal all centered on the adequacy of the notice she had been provided, as required by 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b), and whether the Board had provided an adequate statement of reasons or bases for its decision that notice was sufficient. An April 2005 decision of this Court affirming the Board's decision on this matter was reversed by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) because this Court had found that the required section 5103(a) notice had been provided by a March 15, 2001, letter contained in the record on appeal but not addressed by the Board. The matter was remanded

for further action. *See Mayfield v. Nicholson*, 444 F.3d 1328 (Fed. Cir. 2006) [hereinafter *Mayfield II*].

In light of the Federal Circuit's limited determination that this Court made a factual finding from the record that should have been made by the Board in the first instance, this Court remanded the matter for the limited purpose of the Board's rendering a finding as to the adequacy of the notice provided in this case. Pursuant thereto, the Board found that the March 2001 letter provided Mrs. Mayfield the notice required by section 5103(a) and § 3.159(b). *See Lizzie K. Mayfield*, BVA 00-14 274, at 3 (Supplemental Decision Aug. 8, 2006) [hereinafter Supp. Dec.].

Mrs. Mayfield contends that the Board erred when it (1) found that the notice she was provided was adequate, (2) determined that a January 2002 Supplemental Statement of the Case (SSOC) was a subsequent decision on her case, and (3) relied on harmless error as a basis for its finding that notice was adequate. *See* Appellant's Supplemental Memorandum of Law (App. Supp. Memo.) at 6-15 (filed Sept. 11, 2006). The Secretary rebuts each argument, and further asserts that the decision of the Board is plausible and not clearly erroneous, and that it should be affirmed. *See* Secretary's Supp. Response to Appellant's Memorandum of Law at 2-8 (filed Sept. 25, 2006). For the reasons stated below, the Court will affirm the May 23, 2002, decision of the Board as supplemented by the Board's August 8, 2006, finding that notice was adequate.

## I. ANALYSIS OF ISSUES

### A. Adequacy of Notice

A Board finding regarding the adequacy of notice is a finding of fact that can be set aside or reversed if it is clearly erroneous. *See Overton v. Nicholson*, 20 Vet.App. 427, 432 (2006) (citing *Mayfield II*, 444 F.3d at 1335 (whether section 5103(a) notice provided was adequate is a factual determination to be made by the Board in the first instance). Notice may also be defective as a matter of law, and review of this type of asserted error is conducted de novo. *See*, *e.g.*, *Mayfield II*, 444 F.3d at 1333 (holding as a matter of law that postdecisional documents do not satisfy section 5103(a) notice requirements).

The requirements of section 5103(a) are well established. Upon receipt of a complete or substantially complete application, the Secretary is required to advise the claimant of what

information or evidence, if any, is necessary to substantiate the claim, and who is responsible for providing what, if any, information or evidence. *See* 38 U.S.C. § 5103(a); *Mayfield II*, 444 F.3d at 1332; *Overton*, 20 Vet.App. at 433; *Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002). In addition, the Secretary is required to "request that the claimant provide any evidence in the claimant's possession that pertains to the claim." 38 C.F.R. § 3.159(b)(2) (2006). In this instance, the Board found that such notice had been provided to Mrs. Mayfield, including notification of the types of evidence that she should submit. *See* Supp. Dec. at 6-7.

Mrs. Mayfield argues that, contrary to the Board's finding, the March 2001 letter did not provide adequate notice. She contends that section 5103(a) requires case-specific notification of what evidence is missing from her application that is necessary to substantiate her claim and that the statute is construed too narrowly if general notification of what is needed to substantiate a claim is permitted to suffice. In support of her contentions, Mrs. Mayfield more specifically argues that to be adequate, notice must "expressly describe the kind of evidence needed to substantiate her particular claim," and that section 5103(a) cannot be satisfied by advising her of the "nature of the evidence" that is necessary to substantiate her claim. App. Supp. Memo. at 8. She further contends that notification to submit additional evidence that supports her claim does not satisfy section 5103(a), and offers by way of example the proposition that if evidence from a particular specialist is required to substantiate her claim, she should be so notified.

It is not entirely clear what fine distinction Mrs. Mayfield seeks to make between notification of the "nature of the evidence" necessary to substantiate a claim and notification of the "kind of evidence" needed to substantiate a claim. Certainly, to the extent she argues that general notification to submit evidence that supports her claim cannot satisfy section 5103(a), she is correct. *See Mayfield II*, *Overton*, and *Quartuccio*, all *supra*. Equally certain, if evidence from a particular specialist is required to substantiate a claim, the claimant should be notified of that requirement. *Id*.; *see also Dingess v. Nicholson*, 19 Vet.App. 473, 489 (2006) (when application suggests specific information is required to substantiate claim, notice must be tailored to so notify claimant).

However, neither of the above circumstances exists in Mrs. Mayfield's case. Although, as the Board found, she was notified to provide any evidence that supports her claim, it was supplementary to the more specific notice she was provided as to what was necessary to substantiate

3

her claim. *See* 38 C.F.R. § 3.159(b) (requiring that notice include a "request that the claimant provide any evidence in the claimant's possession that pertains to the claim"); Supp. Dec. at 3-6; R. at 833-36. Other sections of the March 2001 letter, as found by the Board, informed her of the information or evidence necessary to substantiate her claim and who is responsible for providing what, if any, information or evidence. *See* 38 U.S.C. § 5103(a); Supp. Dec. at 3-6; R. at 833-36. Mrs. Mayfield does not demonstrate that the Board's findings are clearly erroneous. *See Overton*, 20 Vet.App. at 435 ("The appellant carries the burden of persuasion regarding contentions of error."); *see also Locklear v. Nicholson*, 20 Vet.App. 410, 416-17 (2006) (Court unable to find error when arguments are "far too terse to warrant detailed analysis by the Court"); *Coker v. Nicholson*, 19 Vet.App. 439, 442 (2006) ("Court requires that an appellant plead with some particularity the allegation of error so that the Court is able to review and assess the validity of the appellant's arguments.").

With regard to being notified when evidence from a particular specialist is necessary to substantiate a claim, Mrs. Mayfield does not cite to any authority for the proposition that evidence from a particular specialist is required to substantiate her claim, and the Court can find none. It is self-evident that if such evidence is not required to substantiate a claim, there is no requirement to notify Mrs. Mayfield that it is.

Further, to the extent Mrs. Mayfield argues that section 5103(a) requires notification of the specific inadequacies in the evidence submitted with a claim application, this argument was recently rejected because such action would require assessing and weighing the information prior to rendering a decision on the claim. *See Locklear*, 20 Vet.App. at 416. Such preadjudication is simply not called for by section 5103(a), and such a preliminary adjudication would be inconsistent with the entire statutory scheme governing the adjudication of a VA claim, which provides for an extensive review and appeal process. *See Dingess*, 19 Vet.App. at 489-91 (analyzing statutory scheme of section 5103(a) notice); *see also Jarrell v. Nicholson*, 20 Vet.App. 326, 330-32 (en banc) (discussing claim processing and appeals); *Bernard v. Brown*, 4 Vet.App. 384, 392-93 (1993) (citing, *e.g.*, 38 U.S.C. §§ 5104, 7105(d)(1) and 38 C.F.R. §§ 3.103(a), 19.29, 19.131 (1992)).

As noted above, section 5103(a) requires preadjudicatory notice that is provided by the Secretary upon receipt of a complete or substantially complete application. The "duty to notify deals

with evidence gathering, not the analysis of already gathered evidence." *Locklear*, 20 Vet.App. at 415. Because the gathering of information and evidence precedes the Secretary's analysis and adjudication of the claim, and because section 5103(a) deals only with information and evidence gathering prior to the initial adjudication of a claim, "it would be senseless to construe that statute as imposing upon the Secretary a legal obligation to rule on the probative value of information and evidence presented in connection with a claim prior to rendering a decision on the merits of the claim itself." *Id.* at 416.

Upon review of the record as a whole, the Board's finding that Mrs. Mayfield was provided adequate notice concerning how to substantiate her claim, as required by section 5103(a) and § 3.159(b), is plausible and not clearly erroneous. *See Overton*, 20 Vet.App. at 432 (citing *Mayfield II*, 444 F.3d at 1335); *see also* Supp. Dec. at 3.

## B. Supplemental Statement of the Case

Mrs. Mayfield further argues that the January 2002 SSOC she was provided is not an "adjudication decision" on her appeal. App. Supp. Memo. at 10-11. She therefore contends that, even if the March 15, 2001, notice letter provided adequate section 5103(a) notice, she was not thereafter provided an adjudication of her claim that she could appeal to the Board, as is required to remedy inadequate notice prior to the initial adjudication. *See Mayfield II*, 444 F.3d at 1333-34 (timing-of-notice errors can be "cured" by notification followed by readjudication); *Prickett v. Nicholson*, 20 Vet.App. 370, 376 (2006) ("The Federal Circuit specifically mentioned two remedial measures: (1) The issuance of a fully compliant [section 5103(a)] notification, followed by (2) readjudication of the claim."); *Pelegrini v. Principi*, 18 Vet.App. 112, 122-24 (2004) ("proper subsequent VA process" can cure error in timing of notice). Her argument, however, is without merit. This argument was recently rejected by this Court in *Prickett*, 20 Vet.App. at 377-78, which held that a Statement of the Case (SOC) that complies with all applicable due process and notification requirements constitutes a readjudication decision.

There is no statutory or regulatory prohibition on the use of an SSOC to announce a decision after the readjudication of a claim. Indeed, the regulations contemplate that an SSOC may be so used, although an SSOC may also be used to announce other changes since the last SOC or SSOC was issued. *See* 38 C.F.R. §§ 19.31 (SSOC "will be furnished," inter alia, when "additional pertinent

5

evidence is received after an [SOC] or the most recent [SSOC] has been issued" or "for any other reason the [SOC] or a prior [SSOC] is inadequate"), 19.37 (a) (2001) (when, after an appeal has been initiated but before it is transferred to the Board, evidence is received by the VA regional office (RO), it "will be referred to the appropriate rating or authorization activity for review *and disposition*," and, thereafter, if an SOC or SSOC had previously been issued, the RO will issue a new SSOC (emphasis added)).

Further, although Mrs. Mayfield notes that the cover letter to the January 2002 SSOC states that it is "not a decision on the appeal" and argues that this indicates that the SSOC was not an adjudicative decision at all, she fails to note that this cover letter also stated that the SSOC contains changes or additions to the original SOC and advised her that she had 60 days to submit additional information or the matter would be returned to the Board. R. at 1048. Moreover, the January 2002 SSOC explicitly states that "[s]ervice connection for the cause of [Mr. Mayfield's] death is denied," and this statement is provided directly under the subheading "Decision" and followed by a section titled "Reasons and Bases" in which the RO explains the basis for the decision. In fact, had the January SSOC been sent without a cover letter, it easily could have been construed as a final decision. Taken in context, the cover letter is not a description of the SSOC as a nonadjudicative decision; rather, it is notice that the SSOC is not the final decision on her appeal. The January 2002 SSOC complied with the applicable due process and notification requirements for a decision, *see Prickett*, *supra*, and, based on the record as a whole, the Board's factual determination that Mrs. Mayfield's "case was readjudicated in [the January 2002 SSOC]" is plausible and not clearly erroneous. Supp. Dec. at 8; R. at 155-56; *see also Butts v. Brown*, 5 Vet.App. 532, 535 (1993) (en banc) (questions of fact reviewed under the "clearly erroneous" standard set forth in 38 U.S.C. § 7261(a)(4)).

C. Authority of the Board to Consider Harmless Error

Mrs. Mayfield lastly argues that, because the statutes creating and governing the Board do not explicitly state that the Board may consider harmless error, the Board lacks the authority to do so. Mrs. Mayfield is referring to the Board's finding that "any defect with respect to the timing of the [section 5103(a)] notice was harmless error." Supp. Dec. at 8. In support of her proposition, she notes that 38 U.S.C. § 7261(b)(2) directs the Court to take due account of the rule of prejudicial

error. She further argues that no such direction is provided in the statutory provisions governing the Board. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972))). Mrs. Mayfield contends that this omission demonstrates that Congress did not intend for the Board to consider harmless error. Her contention fails for the reasons stated below.

First, it does not follow that, because Congress included a directive to the Court that it *must consider* harmless error in every case, the lack of such direction to the Board means that the Board *is not permitted* to consider harmless error. To the extent the interpretive canon relied on by Mrs. Mayfield and enunciated in *Russello*, *supra*, is applicable here, its application would lead only to a conclusion that the Board is not required to consider harmless error in all of its cases, not that it could not consider harmless error when appropriate. Moreover, the interpretive canon relied on by Mrs. Mayfield applies when the statutory provisions are speaking to the same related concept. That canon is inapplicable here because the statutory provisions in question speak to the obligations of the Court and of the Board, two separate entities with entirely different purposes and procedures. *Compare* 38 U.S.C. §§ 7100-7112 (Board) *with* 38 U.S.C. §§ 7200-7299 (Court).

Second, any conclusion that the Board may not consider the doctrine of harmless error is inconsistent with regulation, *see* 38 C.F.R. § 19.9 (2006) (providing that a remand by the Board to the RO to correct a procedural defect is required only when "essential for a proper appellate decision"); *see also Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-45 (1984) (Court gives deference to executive department's regulation making reasonable interpretation of statutory scheme), as well as the adjudicative and appellate nature of the Board, *cf. Bernard*, 4 Vet.App. at 394 (holding that Board must assess prejudice before addressing issue not addressed by RO).

Finally, the Board found in this case that Mrs. Mayfield was provided adequate notice, followed by readjudication of her claim and a right to appeal to the Board. This finding is plausible in light of the record as a whole and is not clearly erroneous. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 52-53 (1990) (stating that the Court reviews factual findings of the Board under a "clearly

erroneous" standard of review). As a matter of law, the provision of adequate notice followed by a readjudication "cures" any timing problem associated with inadequate notice or the lack of notice prior to an initial adjudication. *See Mayfield II*, 444 F.3d at 1333-34. Thus, assuming arguendo that the Board lacks authority to find harmless error in its own right, such finding in this case was non-prejudicial. *Id*. at 1337 (Court shall take due account of the rule of prejudicial error); *see also* 38 U.S.C. § 7261(b)(2); *Conway v. Principi*, 353 F.3d 1369 (Fed. Cir. 2004).

## II. CONCLUSION

The May 23, 2002, decision of the Board, as supplemented by its August 8, 2006, finding, is AFFIRMED.