Citation Nr: 1532780 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 08-26 450 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for a right knee disability.


REPRESENTATION

Veteran represented by: Kenneth L. LaVan, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Michael J. Adams, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1978 to March 1998.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. The case is currently under the jurisdiction of the Atlanta, Georgia RO.

In July 2012, the Veteran testified during a Travel Board hearing before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing is associated with the claims file.


FINDINGS OF FACT

1. The Veteran received treatment on several occasions for right knee pain and strains during service.

2. The Veteran is currently diagnosed with right knee degenerative joint disease (DJD).

3. The most competent and probative evidence is at least in equipoise as to whether the Veteran's current knee disability was caused by or otherwise began during service.


CONCLUSION OF LAW

The criteria for service connection for a right knee disability, presently diagnosed as DJD, have been met. 38 U.S.C.A. §§ 1110, 1131, 5107(b) (West 2014); 38 C.F.R. § 3.303 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. VCAA Duty to Notify and Assist

Initially, the Veteran's claim for entitlement to service connection for a right knee disability is granted in this decision. Therefore, no discussion of VA's duty to notify or assist is necessary. As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of the case, the Board finds that any such failure is harmless. Mayfield v. Nicholson, 20 Vet. App. 537 (2006); see also Shinseki v. Sanders/Simmons, 129 S. Ct. 1696 (2009).

II. Service Connection - General

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty in the active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131. That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d). Other specifically enumerated chronic disorders, including arthritis and/or a psychosis, will be presumed to have been incurred in, or aggravated by, service if manifested to a compensable degree within the first year following separation from active duty. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309.

In Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013), the Federal Circuit held that the theory of continuity of symptomatology can be used only in cases involving those conditions explicitly recognized as chronic in 38 C.F.R. § 3.309(a), such as arthritis (i.e. degenerative joint disease). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).
In relevant part, 38 U.S.C.A. § 1154(a) requires that VA give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. In order to establish direct service connection for a disorder, there must be (1) competent evidence of the current existence of the disability for which service connection is being claimed; (2) competent evidence of a disease contracted, an injury suffered, or an event witnessed or experienced in active service; and (3) competent evidence of a nexus or connection between the disease, injury, or event in service and the current disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). In many cases, medical evidence is required to meet the requirement that the evidence be competent. However, when a condition may be diagnosed by its unique and readily identifiable features, the presence of the disorder is not a determination "medical in nature" and is capable of lay observation. Barr v. Nicholson, 21 Vet. App. 303, 309 (2007).

III. Service Connection - Right Knee DJD

For the showing of a chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." Continuity of symptomatology after discharge is required where the condition noted during service is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. 38 C.F.R. § 3.303(b). 

The Veteran has asserted that her current right knee disability, to include DJD, is the result of her military service. Specifically, the Veteran has claimed that she has experienced knee pain since service and has cited multiple in-service injuries as the cause. Medical records, including a February 2013 VA examination report, reflect a current diagnosis of right knee DJD.

Service treatment records dating from 1989 document complaints of, and show treatment for, right knee pain, diagnosed as right knee strain. The Veteran was treated for knee pain again in 1996. She has also reported an incident in 1995 in which she twisted her knee and was unable to walk. This incident has been corroborated by three eye witnesses who have submitted written statements on the Veteran's behalf.

The evidence also reflects that the Veteran has consistently reported right knee pain since service. Numerous witness statements demonstrate knowledge of right knee complaints since separation. Additionally, the Board notes that the Veteran initially filed a claim for service connection for her right knee in October 1999, approximately 18 months after separation. Review of the VA and private medical records reflects that she has consistently reported experiencing chronic intermittent knee pain since service. At her July 2012 hearing before the undersigned VLJ the Veteran denied any intercurrent injuries or potential causes for her right knee DJD. Taken as a whole, this evidence clearly shows incurrence during service and the chronicity of the Veteran's knee symptoms since.

While the March 2014 VA examiner provided a negative opinion as to the relationship between the Veteran's knee disability and service, the Board does not afford the opinion as much probative value as the remaining medical and lay evidence. In support of his conclusion, the examiner stated that while the Veteran's service treatment records do document treatment for a right knee condition, this condition clearly resolved prior to separation as the Veteran denied a history of joint pain and swelling on a January 1998 report of medical history. Based on the evidence described, the Veteran's report is irrelevant as the medical record, including the service treatment records, combined with the lay statements of the eye witnesses clearly demonstrate that she has a history of right knee pain during service. Further, the examiner discounted the accuracy of the "buddy" statements due to the nature of the Veteran's other medical conditions, including various hip and foot ailments. However, review of the statements themselves reveals that the Veteran reported knee pain to these witnesses, and that their knowledge of her symptoms was based in part or in total, on the Veteran's complaints. As such, their medical expertise is irrelevant. Finally, the examiner noted that a 2001 VA examination for the Veteran's right knee revealed no pathology, despite the Veteran's complaints of knee pain. However, no X-Rays or other radiographic imaging was done at that time to rule out early onset arthritis. In sum, the Board finds the examiner's opinion is not adequately supported by the facts in this case. As the examiner's opinion is not factually accurate, it is afforded less probative value than the Veteran's statements concerning the history of her knee condition, as well as the service treatment records and buddy statements. Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

In sum, service treatment records confirm that the Veteran complained of and was treated, on numerous occasions, for right knee pain during her long military career; and the Veteran testified that she has suffered from right knee pain since service. In addition, the Veteran has a current right knee disorder; diagnosed as DJD. As there is no probative evidence to the contrary, the Board accordingly finds that the criteria for a grant of service connection for right knee DJD are met. 38 C.F.R. § 3.303.


ORDER

Entitlement to service connection for right knee DJD is granted.



____________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs