Citation Nr: 1607903 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 13-03 017 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Wilmington, Delaware


THE ISSUE

Entitlement to service connection for a bilateral foot disability, to include pes planus and chronic fasciitis. 


REPRESENTATION

Appellant represented by: American Red Cross


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

T. Hal Smith, Counsel


INTRODUCTION

The Veteran served on active duty from August 1976 to March 1982. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision of the Baltimore, Maryland, Regional Office (RO) of the Department of Veterans Affairs (VA), which originally had jurisdiction over this appeal, and Wilmington, Delaware, to which jurisdiction over the case was transferred and which forwarded the appeal to the Board. 

In August 2014, the Veteran testified at a personal hearing at VA's Central Office in Washington, DC, before the undersigned Acting Veterans Law Judge (AVLJ). A transcript of that hearing is of record. 

In a February 2015 Board decision, the previously denied claim of service connection for a bilateral foot disorder was reopened and remanded for additional development. In October 2015, the claim was remanded again for additional evidentiary development. The claim has now been returned for further appellate consideration. 

This appeal was processed using the Veterans Benefits Management System (VBMS). Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record. In addition to the VBMS file, there is a Virtual VA paperless claims file associated with the Veteran's claim. 


FINDINGS OF FACT

1. While bilateral pes planus was noted at the Veteran's entry onto active duty, the preponderance of the evidence shows that it did not increase in severity during military service. 

2. The preponderance of the evidence shows that bilateral fasciitis is not related to service


CONCLUSIONS OF LAW

1. Preexisting bilateral pes planus was not aggravated by active service. 
38 U.S.C.A. §§ 1101, 1111, 1112, 1113, 1131, 1132, 1154, 5100, 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2015). 

2. Bilateral fasciitis was not incurred in or aggravated by military service. 
38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1154, 5100, 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2015). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015). 

The RO's March 2010 letter advised the Veteran of the foregoing elements of the notice requirements. See Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002); see also Bernard v. Brown, 4 Vet. App. 384, 394 (1993). The letter also provided the Veteran with notice of what type of information and evidence was needed to establish disability ratings, as well as notice of the type of evidence necessary to establish an effective date. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006). Accordingly, with this letter, letters, the RO effectively satisfied the notice requirements with respect to the service connection issue on appeal. 

VA has obtained service treatment records (STRs), service personnel records (SPRs), and private and VA treatment records. It has afforded the Veteran opportunity to present testimony, written statements, and evidence. The Veteran submitted multiple written statements pertaining to his claim. Lay statements are also of record. He was also provided with a VA examination in conjunction with the service connection claim on appeal in April 2015 to clarify the nature and etiology of all bilateral foot disorders. That examination report was found to be inadequate in that the examiner's medical opinions were based on an inaccurate statement of the facts. Specifically, the examiner inaccurately reported that the Veteran was not treated for foot problems during service. As this was not accurate, an additional examination was requested and conducted in November 2015. 38 U.S.C.A. § 5103A(d) (West 2014); 38 C.F.R. § 3.159 (2015); see McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006). The Board has found that the medical examination obtained by VA in November 2015 is adequate to address the medical questions raised in this case, as it was based upon a complete review of the evidence of record as well as consideration of the Veteran's lay assertions. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Based on a comprehensive review of the record, the Board finds substantial compliance with the October 2015 remand orders. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999). 

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537 (2006); see also Dingess/Hartman, 19 Vet. App. at 486. 

Service Connection - In General

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1131 (West 2014); 38 C.F.R. § 3.303 (2015). Service connection may be established for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d) (2015). 

The Veteran is presumed to have been in sound condition when examined, accepted and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable evidence demonstrates that an injury or disease existed prior thereto and was not aggravated by service. 
38 U.S.C.A. § 1111 (West 2014); 38 C.F.R. § 3.304(b) (2015). In this case, it was noted upon enlistment examination in May 1976 that the Veteran had pes planus, not considered disabling. Accordingly, the presumption of soundness does not attach as to that foot condition. He was seen in May 1979 for moderate pes planus and given a plantar arch insert. Additional inservice treatment for foot complaints, other than a blister, is not indicated. 

A preexisting injury or disease will be considered to have been aggravated by active service where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease. 38 U.S.C.A. § 1153 (West 2014); 38 C.F.R. § 3.306(a) (2015). Aggravation may not be conceded where the disability underwent no increase in severity during service on the basis of all the evidence of record pertaining to the manifestations of the disability prior to, during, and subsequent to service. Id. Aggravation for purposes of entitlement to VA compensation benefits requires more than that a preexisting disorder become intermittently symptomatic during service; rather, there must be permanent advancement of the underlying pathology. Furthermore, temporary or intermittent flare-ups of a preexisting disease during service are not sufficient to be considered aggravation of the disease unless the underlying condition, as contrasted to symptoms, is worsened. See Hunt v. Derwinski, 1 Vet. App. 292 (1991); Verdon v. Brown, 8 Vet. App. 529, 536-7 (1996). 

Background and Analysis

The Veteran has asserted that his preexisting bilateral flat feet disability was aggravated during active service. The claim of entitlement to service connection for feet disorders, including flat feet, was originally denied by the RO in a July 1983 rating decision. The Veteran did not initiate a timely appeal for that matter. In December 2009 the Veteran sought to reopen the claim of entitlement to service connection for flat feet and in February 2015, the Board determined that new and material evidence had been received to reopen the claim. Thereafter, the Board remanded the reopened claim to the RO for additional development and readjudication. The Veteran has also asserted that he has a separate foot disorder, chronic fasciitis, of service origin. 

Upon enlistment examination in May 1976, bilateral pes planus, not considered disabling, was noted. He was seen in May 1979 for complaints that his feet hurt when running in his boots. The assessment was pes planus, moderate, treated. There were no additional complaints during service. 

Post service records show that upon examination conducted for the United States Post Office in late 1982, it was noted that the Veteran had bilateral flat feet which might cause problems with prolonged walking. When examined by VA in April 1983, it was noted that the Veteran had bilateral flat feet. Exam showed the longitudinal arches were down completely. There was no swelling, redness, and only discrete callosities. The final diagnoses included bilateral pes planus. 

A private physician reported in December 2009 that the Veteran was treated for bilateral foot pain secondary to flat feet. In a May 2013 statement by another private physician, it was opined that the Veteran's foot problems included chronic fasciitis. The physician added that it was "possible" that this condition was made worse by his time in the military. Another private physician also submitted a May 2013 statement upon which it was noted that the Veteran had been seen for foot problems for 20 years. 

In multiple lay statements, the Veteran asserted that he entered service with flat feet which were worsened therein. Also added to the record in August 2014 were statements by the Veteran's spouse attesting to the fact that the Veteran had had foot problems ever since his return from service, to include pain and callouses, which required the use of inserts. 


In February 2015 the Board remanded this matter to obtain a VA medical examination and opinion, in order to ascertain the nature of the Veteran's claimed bilateral foot disorder(s) on appeal. The examiner was instructed to provide an opinion as to whether the Veteran's preexisting bilateral flat feet disability was aggravated beyond its natural course by his active service. The examiner was also to address whether the Veteran's chronic fasciitis was at least likely as not off service origin. As noted previously, the resulting examination report was found by the Board to be inadequate in that the examiner clearly misrepresented the facts in noting that the Veteran was not treated for foot problems during service. Thus, additional examination was requested in an October 2015 remand. 

The requested VA examination was conducted in November 2015. Following review of the claims file and examination of the Veteran, the examiner opined that it was less likely than not (less than 50 percent probability) that the Veteran's pes planus was permanently aggravated by his time in service. For rationale, she noted that there was only one entry in the Veteran's STRs concerning complaints, treatment, or a diagnosis regarding the feet, specifically pes planus. As such, the medical records did not support any degree of aggravation or worsening the preexisting pes planus. 

It was also the VA examiner's opinion that it was less likely than not that the Veteran's bilateral plantar fasciitis was caused by or permanently aggravated by his active military service. For rationale, it was noted that the STRs were silent for the diagnosis of plantar fasciitis. Additionally, there was only one entry within the STRs regarding the feet and that pertained to pes planus. She opined that the medical records did not point to onset or aggravation of plantar fasciitis during service. 

The Veteran's statements that his preexisting pes planus was aggravated during service are not competent evidence. This is true also of his statements that plantar fasciitis is of service origin. Although lay persons are competent to provide opinions on some medical issues and observable symptomatology, whether a foot disorder is of service origin or whether a preexisting disorder was aggravated beyond its natural progression falls outside the realm of common knowledge of a lay person. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 

In this case, the Veteran's preexisting flat feet cannot be considered to have been aggravated by active service as the probative evidence of record shows that this disorder was not aggravated beyond its natural progression during service. 
38 U.S.C.A. § 1153 (West 2014); 38 C.F.R. § 3.306(a) (2015). Moreover, it cannot be found that bilateral plantar fasciitis is of service origin as this foot condition was not noted until many, many years post service discharge. U.S.C.A. § 1131 (West 2014); 38 C.F.R. § 3.303 (2015). Therefore, the criteria to establish entitlement to service connection for a bilateral foot disorder, to include flat feet and plantar fasciitis, have not been established, either through medical or probative lay evidence. 

To the extent that the private physicians' statement (summarized above) may be supportive of the Veteran's claim, it is noted that they were considered by the Board. The private physician statements do not actually report that the Veteran's pes planus was worsened during service. They simply reflect ongoing treatment for approximately 20 years for pes planus. Such a statement does not reasonably lead one to conclude that his preexisting flat feet were aggravated during service, particularly when he was only treated for foot complaints on one occasion during service, and post service chronic pes planus problems were not medically indicated until many years thereafter. While the private physician's 2013 statement that the Veteran's plantar fasciitis was "possibly" worsened during service has been noted, the Board finds that the STRs are more probative. Those records only reflect preexisting pes planus. There was no report of plantar fasciitis until many, many years after service. Thus, it does not follow that fasciitis was worsened during service and this condition was not even diagnosed until approximately 30 years after service. 

In this regard, it is noted that it is the Board's responsibility to weigh the credibility and probative value of all of the evidence and, in so doing, the Board may accept one medical opinion and reject others. Schoolman v. West, 12 Vet. App. 307, 310-11 (1999). It is also the responsibility of the Board to determine the probative weight to be ascribed as among multiple medical opinions in a case, and to state reasons or bases for favoring one opinion over another. The probative value of a physician's statement is dependent, in part, upon the extent to which it reflects "clinical data or other rationale to support his opinion." Bloom v. West, 12 Vet. App. 185, 187 (1999). Accordingly, the Board has accorded greater evidentiary weight to the VA specialist in November 2015 who reviewed the record, to include all medical statements of record, and concluded that the Veteran's preexisting pes planus was not aggravated beyond natural progression during service and that chronic fasciitis was not of service origin. 

In arriving at this decision, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim of entitlement to service connection for a bilateral foot disorder, to include flat feet, that doctrine is not applicable. 38 U.S.C.A. § 5107(b) (West 2014); 
38 C.F.R. § 3.102 (2015); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). 


ORDER

Entitlement to service connection for bilateral pes planus is denied. 

Entitlement to service connection for bilateral fasciitis is denied. 




____________________________________________
LESLEY A. REIN
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs