Citation Nr: 1730428 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 13-09 355 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for a low back condition with scoliosis


REPRESENTATION

Appellant represented by: Robert Brown Jr., Attorney


WITNESS AT HEARING ON APPEAL

Veteran and his wife


ATTORNEY FOR THE BOARD

B. N. Quarles, Associate Counsel


INTRODUCTION

The Veteran had active military service from July 1990 to January 1992.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2012 rating decision of the VA Regional Office (RO) in Muskogee, Oklahoma.

In August 2013, the Veteran and his wife testified at a hearing conducted before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the claims file.

The claim was remanded in March 2015 to be adjudicated on a de novo basis. The claim was remanded again in September 2016 for further development.


FINDING OF FACT

The competent and probative medical evidence of record is in equipoise regarding whether the Veteran's low back condition is at least as likely as not related to his military service.


CONCLUSION OF LAW

The criteria for service connection for a low back disability have been met. 38 U.S.C.A. §§ 1110, 1131, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2016).







REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. The Duties to Notify and Assist

As a preliminary matter, the Board has reviewed the claims file and finds that there exist no deficiencies in VA's duties to notify and assist that would be prejudicial and require corrective action prior to a final Board determination. See 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159; see also Bryant v. Shinseki, 23 Vet. App. 488 (2010) (regarding the duties of a hearing officer); Mayfield v. Nicholson, 20 Vet. App. 537 (2006) (corrective action to cure a 38 C.F.R. § 3.159(b) notice deficiency); Pelegrini v. Principi, 18 Vet. App. 112, 120 (2004) (timing of notification).

The Board also notes that, to the full extent possible, VA complied with all prior remand instruction requests, and there exist no deficiencies in VA's duties to notify and assist in that regard. See Stegall v. West, 11 Vet. App. 268 (1998) (a remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand order); but see D'Aries v. Peake, 22 Vet. App. 97, 104 (2008) (it is only substantial compliance, rather than strict compliance, with the terms of a remand that is required).

II. Legal Criteria

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military, naval or air service. 38 U.S.C.A. 
§§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in active service. 38 C.F.R. § 3.303(d).

Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009).

III. Legal Analysis

The Veteran asserts that his low back condition is etiologically related to active service due to his duties as an import freight processor. Based on the competent evidence of record, and affording him the benefit of the doubt, the Board agrees.

The Veteran satisfies the first threshold element of service connection, a current disability. Id. In an April 2016 private medical examination, the Veteran was diagnosed with lumbosacral sprain and intervertebral disc syndrome. And in a December 2016 Compensation and Pension (C&P) examination report, the Veteran was diagnosed with degenerative arthritis of the spine.

The Veteran satisfies the second threshold element of service connection, an in-service incurrence or aggravation of a disease or injury. Id. A March 1991 service treatment record (STR) noted that the Veteran had a back evaluation due to low back pain. Additional STRs from April 1991, May 1991, August 1991 and October 1991 note the Veteran reported chronic low back pain. An August 1991 STR noted the Veteran "must receive [Medical Evaluation Board] since condition appears aggravated by military service." During the Veteran's hearing in August 2013, he stated that his back just started to hurt over time after lifting all day long while unloading aircrafts. 

Affording the Veteran the benefit of the doubt, he satisfies the third threshold element of service connection, a nexus between the claimed in-service disease or injury and the present disability. Id.; 38 U.S.C.A. § 510738 C.F.R. § 3.102. In an April 2016 private medical opinion, the examiner opined that the Veteran severely strained the muscles and iliolumbar and sacroiliac ligaments while in the service and that the strained ligaments continued to cause the Veteran pain. In a December 2016 C&P examination report, the Veteran was diagnosed degenerative arthritis of the spine. The VA examiner determined that the Veteran's back disorder was less likely than not related to the Veteran's military service, and that there was clear and unmistakable evidence that the Veteran's military service did not aggravate the preexisting scoliosis beyond the normal progression of the disease.

In deciding the Veteran's claim, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event; or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 1990. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant. The April 2016 private medical opinion provided a positive nexus opinion, and the December 2016 C&P examiner provided a negative nexus opinion. The Board finds the evidence regarding a nexus between an in service disease or injury and the current disability in relative equipoise, and the benefit of the doubt is afforded to the Veteran. Accordingly, with all three threshold elements satisfied to establish service connection, the Board finds service connection for a low back condition is warranted.


ORDER

Entitlement to service connection for a low back condition with scoliosis is granted.



____________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs