http://www.va.gov/vetapp16/Files2/1617323.txt

Citation Nr: 1617323 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 14-17 905 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Los Angeles, California

THE ISSUE

Entitlement to an increased (compensable) rating for bilateral sensorineural hearing loss.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

Michael Sanford, Associate Counsel

INTRODUCTION

The Veteran had active duty service from February 1954 to February 1956.

This appeal to the Board of Veterans' Appeals (Board) arose from a May 2012 rating decision in which the RO, inter alia, denied a claim for a compensable rating for bilateral sensorineural hearing loss. In November 2012, the Veteran filed a notice of disagreement (NOD). A statement of the case (SOC) was issued in March 2014 and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in May 2014.

In July 2014, the Veteran testified during a Board hearing before the undersigned Veterans Law Judge at the RO. During the hearing, the undersigned granted a motion to advance this appeal on the Board's docket, pursuant to 38 U.S.C.A. § 7107(a)(2) (West 2014) and 38 C.F.R. § 20.900(c) (2015). A hearing transcript has been associated with the claims file.

In January 2015, the Board remanded the claim on appeal to the RO, via the Appeals Management Center (AMC) in Washington, D.C., for further development. After accomplishing further action, the AMC continued to deny the claim, and returned the matter to the Board for further appellate consideration.

This appeal is now being processed utilizing the Veterans Benefits Management System (VBMS), a paperless, electronic claims processing system. The Board notes that, in addition to the VBMS file, the Veteran has a separate, paperless, electronic Virtual VA file. The Virtual VA file included a copy of the July 2014 hearing transcript, as well as VA treatment records dated through April 201 (which were considered in the May 2012 rating decision). The remaining documents are either duplicative of those contained in the VBMS file or are irrelevant to the issue on appeal.

FINDINGS OF FACT

1. All notification and development actions needed to fairly adjudicate the matter
herein decided have been accomplished.

2. Since September 14, 2010 (one year prior to the filing of the current claim
for increase), the Veteran has had no worse than Level VI hearing in the right ear and Level I hearing in the left.

3. Although the Veteran has complained of difficulty hearing with background noise, there is no evidence that the disability at issue is so unusual or exceptional to render the schedular criteria for evaluating the disability inadequate, and no claim of unemployability due to bilateral sensorineural hearing loss has been raised.

CONCLUSION OF LAW

The criteria for a compensable rating for bilateral sensorineural hearing loss are not met. 38 U.S.C.A. §§ 1155, 5103(a), 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.2, 4.3, 4.7, 4.85, 4.86, Diagnostic Code (DC) 6100 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Due Process Considerations

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2014) includes enhanced duties to notify and assist claimants for VA benefits. VA regulations implementing the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2015). 

The notice requirements under the VCAA essentially require VA to notify a claimant of any evidence that is necessary to substantiate the claim(s), as well as the evidence that VA will attempt to obtain and which evidence he or she is responsible for providing. See, e.g., Quartuccio v. Principi, 16 Vet. App. 183 (2002) (addressing the duties imposed by 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b)). As delineated in Pelegrini v. Principi, 18 Vet. App. 112 (2004), after a substantially complete application for benefits is received, proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim(s); (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) must ask the claimant to provide any evidence in her or his possession that pertains to the claim(s), in accordance with 38 C.F.R. § 3.159(b)(1). 

The Board notes that, effective May 30, 2008, 38 C.F.R. § 3.159 has been revised, in part. See 73 Fed. Reg. 23,353-23,356 (April 30, 2008). Notably, the final rule removes the third sentence of 38 C.F.R. § 3.159(b)(1), which had stated that VA will request that a claimant provide any pertinent evidence in his or her possession.

In rating cases, a claimant must be provided with information pertaining to assignment of disability ratings (to include the rating criteria for all higher ratings for a disability), as well as information regarding the effective date that may be assigned. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

VCAA-compliant notice must be provided to a claimant before the initial unfavorable decision on a claim for VA benefits by the AOJ (here, the RO). Id.; Pelegrini, 18 Vet. App. at 112. See also Disabled American Veterans v. Secretary of Veterans Affairs, 327 F.3d 1339 (Fed. Cir. 2003). However, the VCAA notice requirements may, nonetheless, be satisfied if any errors in the timing or content of such notice are not prejudicial to the claimant. Id.

In a pre-rating April 2012 letter, the AOJ provided notice to the Veteran explaining what information and evidence was needed to substantiate a claim for an increased rating. This letter also informed the Veteran of what information and evidence would be obtained by the VA and what evidence the Veteran was expected to submit. The AOJ also provided the Veteran with general information pertaining to the assignment of disability ratings and effective dates, including the types of evidence that impacts such determinations. This letter-which was provided prior to the May 2012 rating decision on appeal-meets the VCAA's timing and content of notice requirements.

The record also reflects that VA has made reasonable efforts to obtain or to assist in obtaining all relevant records pertinent to the matters herein decided. Pertinent medical evidence associated with the claims file consists of the reports of VA examinations, as well as the Veteran's VA outpatient treatment records (requested by the Board in its January 2015 remand). See Stegall v. West, 11 Vet. App. 268 (1998) (holding that a remand confers on the claimant, as a matter of law, the right to compliance with the remand order); see also D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999). The Board notes that in determining the current severity of the Veteran's bilateral sensorineural hearing loss, the October 2015 VA examiner fully described the functional effects of the Veteran's hearing loss on his activities of daily living, to include employment. This constitutes substantial compliance with the January 2015 remand instructions as the examiner both provided the results of audiometric testing and described the functional impact of the Veteran's disability. Also of record and considered in connection with the appeal is the transcript of the July 2014 Board hearing, along with various written statements provided by the Veteran and his representative. The Board finds that no further action in connection with this claim, prior to appellate consideration, is required. 

As regards to the July 2014 Board hearing, the Veteran was provided an opportunity to set forth his contentions before the undersigned Veterans Law Judge. In Bryant v. Shinseki, the Court held that 38 C.F.R. § 3.103(c)(2) requires that the RO Decision Review Officer or Veterans Law Judge who chairs a hearing to fulfill two duties: (1) to fully explain the issues and (2) to suggest the submission of evidence that may have been overlooked. Bryant v. Shinseki, 23 Vet. App. 488 (2010). In this case, the Board finds that, consistent with Bryant, there has been substantial compliance with the duties set forth in 38 C.F.R. 3.103(c)(2), and that Board hearing was legally sufficient.

Here, during the July 2014 hearing, the undersigned Veterans Law Judge identified the issue on appeal. Also, information was solicited regarding the nature and symptomatology associated with the Veteran's bilateral sensorineural hearing loss. Therefore, not only was the issue "explained . . . in terms of the scope of the claim for benefits," but "the outstanding issues material to substantiating the claim," were also fully explained. Id. at 497. Although the undersigned did not explicitly suggest the submission of any specific evidence, additional, pertinent evidence was added to the record pursuant to the subsequent remands; hence, any omission in this regard was not prejudicial to the Veteran.

In summary, the duties imposed by the VCAA have been considered and satisfied. The Veteran has been notified and made aware of the evidence needed to substantiate this claim, the avenues through which he might obtain such evidence, and the allocation of responsibilities between himself and VA in obtaining such evidence. There is no additional notice that should be provided, nor is there any indication that there is additional existing evidence to obtain or development required to create any additional evidence to be considered in connection with the claim. Consequently, any error in the sequence of events or content of the notice is not shown to prejudice the Veteran or to have any effect on the appeal. Any such error is deemed harmless and does not preclude appellate consideration of the matters herein decided, at this juncture. See Mayfield v. Nicholson, 20 Vet. App. 537, 543 (rejecting the argument that the Board lacks authority to consider harmless error). See also ATD Corp. v. Lydall, Inc ., 159 F.3d 534, 549 (Fed. Cir. 1998).

II. Analysis

Under the applicable criteria, ratings for hearing loss are determined in accordance with the findings obtained on audiometric evaluation. Ratings for hearing impairment range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of controlled speech discrimination tests, together with the average hearing threshold level as measured by pure tone audiometry tests in the frequencies 1,000; 2,000; 3,000; and 4,000 cycles per second. To evaluate the degree of disability from hearing impairment, the rating schedule establishes eleven auditory acuity levels designated from Level I for essentially normal acuity through Level XI for profound deafness. 38 C.F.R. § 4.85, Diagnostic Code 6100.

Hearing tests are to be conducted without hearing aids, and the results of above-described testing are charted on Table VI and Table VII. See 38 C.F.R. § 4.85.

When the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz (Hz)) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. Each ear will be evaluated separately. 38 C.F.R. § 4.86(a). 

The following analysis is undertaken with the possibility that staged rating- (assignment of different ratings for distinct periods of time, based on the facts found) may be warranted. See Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007).

The Veteran generally contends that the severity of his bilateral hearing loss warrants a higher rating. However, considering the pertinent evidence in light of the above, the Board finds that the claim for a higher rating for bilateral hearing loss must be denied.

The report of an April 2012 VA audiology evaluation reflects the Veteran reports difficulty understanding soft spoken speech and speech in the presence of background noise. Speech audiometry, using the Maryland CNC Word List, revealed speech recognition ability of 90 percent in the right ear and 96 percent in the left ear. On audiometric testing, pure tone thresholds, in decibels, were as follows:

HERTZ

1000
2000
3000
4000
Average
RIGHT
30
45
55
60
47.5
LEFT
20
20
35
60
33.75

Applying the method for evaluating hearing loss to the results of the Veteran's audiological evaluations to reveals Levels II hearing in the right ear and Level I hearing in the left ear according to Table VIA. Combining Level II hearing for the right ear and Level I hearing for the left ear according to Table VII results in a noncompensable rating. 38 C.F.R. § 4.85, Diagnostic Code 6100. As these results do not reveal an exceptional pattern of hearing loss in either ear, Table VIA is not for application. See 38 C.F.R. § 4.86.

The report of a May 2012 VA audiology evaluation reflects the Veteran reports difficulty hearing the television. Speech audiometry, using the Maryland CNC Word List, revealed speech recognition ability of 92 percent in the right ear and 94 percent in the left ear. On audiometric testing, pure tone thresholds, in decibels, were as follows:

HERTZ

1000
2000
3000
4000
Average
RIGHT
35
45
60
65
51
LEFT
10
10
35
60
29

Applying the method for evaluating hearing loss to the results of the Veteran's audiometric testing reveals Levels I hearing in the right ear and Level I hearing in the left ear according to Table VIA. Combining Level I hearing for the right ear and Level I hearing for the left ear according to Table VII results in a noncompensable rating. 38 C.F.R. § 4.85, Diagnostic Code 6100. As these results do not reveal an exceptional pattern of hearing loss in either ear, Table VIA is not for application. See 38 C.F.R. § 4.86.

The report of an October 2015 VA audiology evaluation (QTC) reflects the Veteran reports difficulty with conversations in the presence of background noise and trouble hearing the television. Speech audiometry, using the Maryland CNC Word List, revealed speech recognition ability of 60 percent in the right ear and 100 percent in the left ear. On audiometric testing, pure tone thresholds, in decibels, were as follows:

HERTZ

1000
2000
3000
4000
Average
RIGHT
35
45
65
65
52.5
LEFT
10
15
45
60
32.5

Applying the method for evaluating hearing loss to the results of the Veteran's audiometric testing reveals Level VI hearing in the right ear and Level I hearing in the left ear according to Table VIA. Combining Level VI hearing for the right ear and Level I hearing for the left ear according to Table VII results reveals a noncompensable rating. 38 C.F.R. § 4.85, Diagnostic Code 6100. As these results do not reveal an exceptional pattern of hearing loss in either ear, Table VIA is not for application. See 38 C.F.R. § 4.86.

The Board notes that the claims file includes records of VA treatment of the Veteran through May 2015. These records document that Veteran continued to be followed for hearing loss, and that he had been issued hearing aids. However, such records do not include audiometric findings that may be considered in evaluating the Veteran's bilateral hearing loss.

In view of the above, the Board finds that the noncompensable rating assigned is appropriate, and that there is no evidence to support assignment of a compensable rating at any point since September 14, 2010 (one year prior to the filing of the current claim for increase).

In evaluating the disability under consideration, the Board has considered the Veteran's assertions as to the severity of his hearing loss. The Board in no way discounts the Veteran's asserted difficulties or his assertions that his bilateral hearing loss should be rated higher. However, it must be emphasized that the assignment of schedular disability ratings for hearing impairment is derived by a mechanical application of the rating schedule to the numeric designation assigned after audiometry results are obtained. Hence, the Board has no discretion in this matter and must predicate its determination based on the results of the audiology studies of record. See Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). In other words, the Board is bound by law to apply VA's rating schedule based on the audiometry results. See 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1.

The above determinations are based upon consideration of applicable provisions of VA's rating schedule. Additionally, the Board finds that at no pertinent point has the Veteran's bilateral hearing loss been shown to be so exceptional or unusual as to warrant the assignment of any higher rating on an extra-schedular basis. See 38 C.F.R. § 3.321(b)(1) .

There is a three-step analysis for determining whether an extra-schedular rating is appropriate. Thun v. Peake, 22 Vet. App. 111, 115 (2008). The threshold factor for extra-schedular consideration is a finding on the part of the RO or the Board that the evidence presents such an exceptional disability picture that the available schedular ratings for the service-connected disability at issue are inadequate. See Fisher v. Principi, 4 Vet. App. 57, 60 (1993). See also 38 C.F.R. § 3.321(b)(1); VA Adjudication Procedure Manual, Pt. III, Subpart iv, Ch. 6, Sec. B(5)(c). Therefore, initially, there must be a comparison between the level of severity and the symptomatology of the claimant's disability with the established criteria provided in the rating schedule for this disability. If the criteria reasonably describe the claimant's disability level and symptomatology, then the disability picture is contemplated by the rating schedule, the assigned rating is therefore adequate, and no referral for extra-schedular consideration is required. See VAOGCPREC 6-96 (Aug. 16, 1996); see also Thun, supra.

If the rating schedule does not contemplate the claimant's level of disability and symptomatology, and is found inadequate, the RO or Board must determine whether the claimant's exceptional disability picture exhibits other related factors such as those provided by the regulation as "governing norms" (including marked interference with employment and frequent periods of hospitalization). See 38 C.F.R. § 3.321(b)(1). If so, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation Service for completion of the third step: a determination of whether, to accord justice, the claimant's disability picture requires the assignment of an extra-schedular rating. See Thun, supra.

The Board notes that the April 2012 and October 2015 VA examiners identified the functional effects of the Veteran's bilateral hearing loss, to include difficulty hearing with background noise and difficulty understanding soft spoken voice. Such appears to be precisely what is measured by audiometric and speech discrimination testing, and is the type of impairment experienced by members of the general population with hearing loss.

Given the mechanical nature of deriving ratings for hearing loss, however, these assertions suggest that the schedular criteria may not be adequate to evaluate the Veteran's bilateral hearing loss disability. Nonetheless, even in considering the Veteran's assertions, the Board finds that such assertions, alone, do not support a finding of exceptional or unusual factors associated with the disability, such as marked interference with employment. There is no evidence of repeated treatment or hospitalization for bilateral hearing loss, or evidence of any other exceptional or unusual factors associated with the Veteran's bilateral hearing loss to suggest that the applicable rating criteria are otherwise inadequate to rate the disability. 

The Board further notes that, pursuant to Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), a Veteran may be awarded an extra-schedular rating based upon the combined effect of multiple conditions in an exceptional circumstance where evaluation of the individual conditions fails to capture all the symptoms associated with service-connected disability experienced. However, in this case, even after affording the Veteran the benefit of the doubt under Mittleider v. West, 11 Vet. App. 181 (1998), there is no additional hearing impairment that has not been attributed to the service-connected bilateral sensorineural hearing loss (appropriately rated as a single disability). Accordingly, this is not an exceptional circumstance in which extra-schedular consideration may be required to compensate the Veteran for disability that can be attributed only to the combined effect of multiple conditions.

As a final point, the Board notes that if the claimant or the record reasonably raises the question of whether the Veteran is unemployable due to the disability for which a higher rating is sought, then part and parcel to that claim for a higher rating is the matter of whether a total disability rating based on individual unemployability (TDIU) as a result of that disability is warranted. See Rice v. Shinseki, 22 Vet. App. 447 (2009). Here, however, there is no evidence or allegation that the Veteran's bilateral hearing loss, by itself, has actually or effectively rendered him unemployable at any pertinent point. Under these circumstances, the Board finds that a claim for a TDIU due to bilateral hearing loss has not been raised as a component of the current claim for higher rating, and need not be addressed herein. 

For all the foregoing reasons, the Board finds that there is no basis for staged rating of the Veteran's bilateral sensorineural hearing loss, pursuant to Hart, and the claim for an increased (compensable) rating must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the doubt doctrine; however, given the mechanical nature of deriving schedular ratings for hearing loss, and the above-noted determinations with respect to extra-schedular consideration, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert, supra.

ORDER

A compensable rating for bilateral sensorineural hearing loss is denied.

____________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs